[Crim. No. 4645. Second Dist., Div. Three. Dec. 10, 1951.]

THE PEOPLE, Respondent, v. JOSEPH R. VAN WAY, Appellant.

Gladys Towles Root for Appellant.

Edmund G. Brown, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

SHINN, P. J.—Appellant Van Way and one Schooley were accused by information in two counts of procuring for a named female a place as an inmate in a house of prostitution. (Stats. 1911, p. 9; 1 Deering's Gen. Laws, Act 1906.) In a nonjury trial they were convicted on one count and dismissed as to the other. Their applications for probation and motions for new trial were denied. Van Way appeals, and urges as the sole ground for reversal insufficiency of the evidence.

Defendants did not testify. There was evidence of the following facts; Schooley operated a service station; one Hayes assisted him in the station; two doors away from the station, in an alley, Van Way maintained and operated a house of prostitution with several inmates; Schooley directed men to the house, in which he was assisted by Hayes. Van Way managed the house and each night took half the earnings of the inmates. He paid Schooley $1.00 for each customer directed to the house and Hayes $5.00 per night for counting the visitors.

The woman in question, whom Hayes had met previously, came to the service station, where Hayes introduced her to Schooley; the latter offered her a place to work in appellant's house, which she accepted. Although appellant was unacquainted with her he accepted her as an inmate; she worked in the house for a number of weeks, and each night turned over to appellant half of her earnings, out of which he paid Schooley and Hayes.

The thread of the argument of insufficiency of evidence is that it was Schooley and not appellant who procured a place for the woman as an inmate of the house, and that appellant did nothing but provide the place and take half the woman's earnings. The conclusion urged is that although Schooley was guilty of the acts charged appellant was not. There are two complete answers.

It has been held that one who accepts into his house of prostitution a woman "procured" by another is himself a "procuror" of the woman. (*People* v. *Montgomery*, 47 Cal. App.2d 1, 22 [117 P.2d 437].) Under the same circumstances

he is guilty of procuring a place for her as an inmate, the offense charged here. Schooley could not have procured a place for the girl in appellant's house until appellant had accepted her as an inmate. Appellant's acceptance was an indispensable element of the offense. Inasmuch as Schooley furnished the girl and appellant furnished the house, each had an equal part in the commission of acts which constituted the offense. Each aided and abetted the other and was a principal. (Pen. Code, § 31.) Moreover, we think the learned trial judge correctly inferred from the facts in evidence that Schooley and appellant, being jointly interested in the operation, had a common purpose and agreement to keep inmates in the house, and that each expected the other to do whatever was necessary to accomplish that purpose. The acts of one in furtherance of the common purpose and design were, in legal effect, the acts of both. The actions of Schooley, as described, could not be disavowed by appellant.

The judgment and order denying appellant's motion for a new trial are affirmed.

Wood (Parker), J., and Vallée, J., concurred.